IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GENOPTIX, INC. | Civil No. 17-1796 (JAG) |
| Plaintiff, | |
| v. | |
| TRIPLE-S SALUD, INC. | |
| Defendant. | |

**ANSWER TO THE COMPLAINT**

Triple-S Salud, Inc., ("Triple-S") answers the complaint as follows:

**A.   Nature of Claims**

1.   Triple-S denies paragraph 1 of the Complaint.

**B.   The Parties**

2.   Triple-S admits that Genoptix is a laboratory that performs oncology tests. Triple-S admits Genoptix's address. Triple-S denies the rest of the allegation.

3.   Triple-S admits paragraph 3 of the Complaint.

**C.   Jurisdiction and Venue**

4.   Triple-S admits that the parties are citizens from different states. Triple-S denies that the amount in controversy exceeds $75,000. Triple-S affirmatively alleges that this court

lacks jurisdiction because the parties agreed to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico. *See Rivera v. Centro Médico de Turabo*, 575 F.3d 10 (1st Cir. 2009).

5.    Triple-S admits paragraph 5 of the Complaint.

6.    From paragraph 6 of the Complaint Triple-S admits that the venue is proper because the events related to the complaint occurred in Puerto Rico. Triple-S denies having incurred in a failure or refusal to pay.

**D.    The Agreement**

7.    Triple-S admits paragraph 7 of the Complaint. Triple-S affirmatively alleges that in the agreement the parties agreed to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico.

8.    Triple-S denies paragraph 8 of the Complaint as drafted. Triple-S affirmatively alleges that to be entitled to receive payment, Genoptix had to comply with multiple other obligations, including but not limited to submitting clean claims for the services rendered according to Triple-S' payment policies and procedures.

**E.    Triple-S' Failure to Pay**

9.    From paragraph 9 of the Complaint Triple-S admits that Genoptix submitted claims for payment for services rendered before and after May 2015, up to the present day.

10.    From paragraph 10 of the Complaint Triple-S admits that Genoptix submitted claims for payment for services rendered.    Triple-S denies that such submission was both timely and proper in accordance to Triple-S' payment policies and procedures.

11.    From paragraph 11 of the Complaint Triple-S admits it has not paid certain claims submitted by Genoptix because such claims are not clean claims as required by agreement and by law and in violation of Triple-S' payment policies and procedures. Triple-S denies the rest of the allegation.

12.    Triple-S denies paragraph 12 of the Complaint. Triple-S affirmatively alleges that Genoptix's claims have been rejected for multiple reasons, including but not limited to the following:

       a. The claims exceeded the limits and frequencies as established in the payment policies;

       b. The procedure for which Genoptix billed is considered investigational;

c. The services for which Genoptix billed were not covered by the Insured's policy or the Insured lacked eligibility;

d. The services and codes for which Genoptix billed were not contracted;

e. Genoptix failed to submit the preauthorization or precertification as required;

f. Genoptix submitted duplicate or already paid claims;

g. Genoptix submitted claims after the allotted period to do so;

h. Genoptix submitted claims with the incorrect primary diagnosis, with no diagnosis, with the incorrect modifier or no modifier;

i. The referring physician lacked the specialty to refer the test;

j. The test for which Genoptix billed fell under the catastrophic coverage;

k. The Insured had a primary insurance;

l. The diagnostic code did not match the Insured's sex;

m. Excessive number of units per CPT code;

n. The claim exceeded the maximum annual limits;

o. Improper bundling of codes;

p. Lack of referral;

q. Lack of medical necessity;

r. Inappropriate charges;

s. The services billed were part or incidental to covered services;

t. Lack of explanation code.

13. Triple-S denies paragraph 13 of the Complaint as drafted. Triple-S affirmatively alleges that Genoptix's appeals are required by contract, regulation or statute.

14. From paragraph 14 of the Complaint Triple-S admits that Genoptix submitted appeals. Triple-S denies that such submission was proper.

15. Triple-S denies paragraph 15 of the Complaint.

16. From paragraph 16 of the Complaint Triple-S admits that Genoptix sent a letter dated March 30, 2017, which contents speak for themselves. Triple-S denies having incurred in any breach of contract.

17. From paragraph 17 of the Complaint Triple-S admits that through the March 30, 2017 letter, Genoptix threatened the termination of the contract. Triple-S affirmatively alleges that such termination never materialized.

18. From paragraph 18 of the Complaint Triple-S admits that the parties held multiple conversations and exchanged

multiple correspondence to address various matters including Genoptix's pending claims.

19.   From paragraph 19 of the Complaint Triple-S admits that no new agreement was reached. Triple-S affirmatively alleges that no new agreement was needed to resolve the parties' differences about the adjudication of the claims in controversy.

20.   Triple-S denies paragraph 20 of the Complaint.

21.   Triple-S denies paragraph 21 of the Complaint.

22.   Triple-S denies paragraph 22 of the Complaint.

23.   Triple-S denies paragraph 23 of the Complaint.

24.   Triple-S denies paragraph 24 of the Complaint.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

25.   Paragraph 25 of the Complaint does not require a responsive allegation.  Otherwise, denied.

26.   Triple-S admits paragraph 26 of the Complaint that the agreement is valid and binds both parties.

27.   Triple-S denies paragraph 27 of the Complaint as drafted since Genoptix's obligations under the agreement includes the proper submission of claims (they have to be clean) for services and according to Triple-S' payment policies and procedures.

28.   Triple-S denies paragraph 28 of the Complaint.

29.  Triple-S denies paragraph 29 of the Complaint.

## SECOND CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

30.  Paragraph 30 of the Complaint does not require a responsive allegation.  Otherwise, denied.

31.  Triple-S admits paragraph 31 of the Complaint.

32.  Triple-S denies paragraph 32 of the Complaint.

33.  Triple-S denies paragraph 33 of the Complaint. Triple-S affirmatively alleges that the parties continue to do business under the agreement.

34.  Triple-S denies paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

1.  This court lacks jurisdiction because the parties agreed to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico. *See Rivera v. Centro Médico de Turabo*, 575 F.3d 10 (1st Cir. 2009).

2.  Plaintiff's claims were not clean and not in accordance to Triple-S' payment policies and procedures.

3.  Plaintiff's claims were not authorized and/or were not contracted.

4.  Plaintiff's claims have been rejected for multiple reasons, including but not limited to the following:

a. The claims exceeded the limits and frequencies as established in the payment policies;

b. The procedure for which Genoptix billed is considered investigational;

c. The services for which Genoptix billed were not covered by the Insured's policy or the Insured lacked eligibility;

d. The services and codes for which Genoptix billed were not contracted;

e. Genoptix failed to submit the preauthorization or precertification as required;

f. Genoptix submitted duplicate or already paid claims;

g. Genoptix submitted claims after the allotted period to do so;

h. Genoptix submitted claims with the incorrect primary diagnosis, with no diagnosis, with the incorrect modifier or no modifier;

i. The referring physician lacked the specialty to refer the test;

j. The test for which Genoptix billed fell under the catastrophic coverage;

k. The Insured had a primary insurance;

l. The diagnostic code did not match the Insured's sex;

m. Excessive number of units per CPT code;

n. The claim exceeded the maximum annual limits;

o. Improper bundling or  unbundling of codes;

p. Lack of referral;

q. Lack of medical necessity;

r. Inappropriate charges;

s. The services billed were part or incidental to covered services;

t. Lack of explanation code.

5.    The Complaint fails to state a claim upon which relief can be granted.

6.    Plaintiff has waived its rights.

7.    Plaintiff would unjustly enrich itself if the court grants the remedy requested in the Complaint.

8.    Plaintiff was negligent and such negligence is the proximate cause of its alleged damages.

9.    Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

10.   Plaintiff is barred from alleging its claims under the doctrine of estoppel.

11.   Plaintiff is barred from alleging its claims due to its own acts or omissions.

12.   Triple-S acted in good faith and in strict conformity with all its obligations, contractual or otherwise.

13.   Triple-S' actions did not proximately or efficiently cause the damages alleged in the Complaint.

14.   Plaintiff has failed to mitigate its alleged damages.

15.   Plaintiff's claims are not grounded in law or fact.

16.   Plaintiff's damages are speculative, exaggerated, unforeseeable and nonexistent.

17.   The allegations of the complaint have become moot and *res judicata* because in August 2015 the parties entered into a Settlement Agreement, whereby they settled and compromised their respective rights and obligations.

18.   In addition, upon entering the Settlement Agreement the parties released and forever discharged each other from any and all claims, liabilities, damages, disputed claims and causes of action of any nature, present, future, known or unknown, arising out of or relating to their relationship.

19.   Plaintiff is stubborn and has incurred in abuse of process by filing this Complaint, after having settled with Triple-S some or all of the claims and allegations of the Complaint.

20.   Accord and Satisfaction.

21.   *Res Judicata*.

22.   Unclean hands.

23.   The terms of the Settlement Agreement govern the resolution of this case.

24.   Plaintiff's alleged damages were unforeseeable at the time of constituting the agreement, and such alleged damages are not the necessary consequence of the alleged nonfulfillment of the contractual obligations invoked by the Plaintiff.

25.   Through the Settlement Agreement the parties settled unliquidated and controverted claims by accepting offers of payments and prevented the initiation of a lawsuit.

26.   The terms of the Settlement Agreement have the authority of *res judicata*.

27.  Triple-S reserves the right to add or strike affirmative defenses, depending upon the results of the discovery that will take place in the case.

   WHEREFORE, Triple-S requests that the Court dismiss the complaint with prejudice, and award Triple-S costs, attorney's fees, and any other relief it deems just and proper.

**CASELLAS ALCOVER & BURGOS, P.S.C.**
PO Box 364924
San Juan, PR 00936-4924
Tel.  (787) 756-1400
Fax:  (787) 756-1401

*/s/César T. Alcover Acosta*
USDC-PR Bar No. 204311
Email: calcover@cabprlaw.com

11

12

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to plaintiff's counsel.

At San Juan, Puerto Rico, August 13, 2017.

*/s/César T. Alcover*

12